**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ANGEL CALDERON,<br>　　　　Plaintiff<br><br>v.<br><br>AMERICAN ADJUSTMENT BUREAU,<br>　　　　Defendant | )<br>)<br>)　**C. A. No.:**<br>)<br>)<br>)<br>)　**COMPLAINT AND DEMAND FOR**<br>)　**JURY TRIAL**<br>) |

## **COMPLAINT**

ANGEL CALDERON ("Plaintiff"), by and through his attorneys, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, P.C., alleges the following against AMERICAN ADJUSTMENT BUREAU ("Defendant"):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### **PARTIES**

5. Plaintiff is a natural person residing in Hartford, Connecticut 06112.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Defendant specializes in debt collection with its principle place of business located at 73 Field St., Waterbury, CT 06723.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

9. Debt collection is the principal purpose of Defendant's business.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times herein, Defendant was attempting to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

12. As Plaintiff has no business debt, any debt Defendant was seeking to collect could only have been for personal, family or household purposes.

13. For the last 12 calendar months, Defendant continuously and repeatedly contacted Plaintiff on his cellular telephone in its attempt to collect an alleged debt.

14. Defendant's calls originated from the number including but not limited to, (203) 574-4200. The undersigned has confirmed that this number belongs to Defendant.

15. When the calls began, Plaintiff told Defendant to stop calling.

16. However, Defendant ignored this request and continued to call.

17. Once Defendant knew its calls were unwanted any further calls could only have been placed for the purpose of harassment.

18. Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying the alleged debt.

# DEFENDANT VIOLATED THE
# FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

19. Defendant's conduct violated 15 U.S.C. §§ 1692d and 1692d(5).

   a. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff on his cellular telephone and continuing to call Plaintiff after being told to stop calling.

## COUNT II

20. Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. §1692f of the FDCPA.

   a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

   b. Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to cease collection calls to Plaintiff's cellular telephone after he told them to stop calling.

# COUNT III

21. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

   a. A debt collector violates §1692g(a) of the FDCPA by failing, within five days after the initial communication with a consumer in connection with the collection of a debt, to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

   b. Here, Defendant violated §1692g(a) of the FDCPA by failing to send Plaintiff written notification of his rights to dispute the debt, request verification of the debt and/or to request information about the creditor within five (5) days of its initial communication with him.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANGEL CALDERON, respectfully prays for a judgment as follows:

a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANGEL CALDERON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

ANGEL CALDERON
By his Attorney,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: September 28, 2017